IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUIS MARIN, Individually on behalf of All those similarly situated, Plaintiff, | § § § § | |
| V. | § § | CIVIL ACTION NO. 4:17-cv-1767 |
| G.W. PHILLIPS CONCRETE CONSTRUCTION, INC. and GEORGE W. PHILLIPS, III Defendants. | § § § § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought both individually and as a collective action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiff Luis Marin and all other similarly situated employees ("Members of the Class") employed by, or formerly employed by Defendants, their subsidiaries and affiliated companies.

## Parties

1. Plaintiff Luis Marin, a former employee of Defendants, was personally engaged in interstate commerce during his employment with the Defendants, and he is represented by the undersigned.

2. Defendant G.W. Phillips Concrete Construction, Inc. ("GWP") is a Texas corporation and was an "employer" of Plaintiff as that term is defined by the FLSA. With respect to Plaintiff and Members of the Class, GWP is subject to the provisions of the FLSA. GWP was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, with gross annual revenues in excess of $500,000. Defendant G.W. Phillips

Concrete Construction, Inc. may be served through its registered agent, George W. Phillips at 117 Oates Road, Houston, Texas 77013 or wherever he may be found.

3. Defendant George W. Phillips, III ("Phillips"), is an individual who was an "employer" as that term is defined by the FLSA. With respect to Plaintiff and Members of the Class, Phillips is subject to the provisions of the FLSA. Mr. Phillips acted on behalf of G.W. Phillips Concrete Construction, Inc. in setting the terms of wages and hours throughout the companies, and running them on a day to day basis. Mr. Phillips worked as part of the enterprise engaged in interstate commerce as defined by 29 U.S.C. § § 203(r) and (s). Defendant George W. Phillips, III may be served with process at 117 Oates Road, Houston, Texas 77013 or wherever he may be found.

## Jurisdiction and Venue

4. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well. At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and his work was essential to Defendants' business. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiff transacted business within this judicial

district and some of the events underlying this complaint occurred within this judicial district. Upon information and belief, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

**Factual Allegations**

5. Mr. Marin was employed by the Defendants from June of 2010 until May of 2017 as a construction worker, and was paid on an hourly basis. Mr. Marin's duties included, but were not limited to, installing pipes, digging ditches for retention ponds, breaking concrete, pouring concrete and operated construction type equipment e.g., backhoes, forklifts, etc. Marin regularly worked in excess of 40 hours in a workweek. In fact, Marin regularly worked 60 hours or more per week. During his tenure with Defendants, Marin was not paid any overtime premium for hours worked, but was not paid the legally required time-and-a-half overtime rate for hours he worked over 40 in the week. Instead, Marin was paid the same hourly rate for all hours worked ("straight time"). Marin is entitled to be paid a half-time premium for all hours worked over 40 in each workweek he was employed by the Defendants in which he was not paid such overtime premium.

6. Defendant Phillips is individually and personally responsible for the damages suffered by Plaintiff and members of the class. As the owner of GWP and a person who controls the compensation practices of the company, Phillips is liable as an "employer" under the terms of the FLSA.

7. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiff's regular and overtime work. Plaintiff was not an "exempt" employee.

8. Defendants are liable to Plaintiff under the FLSA for all unpaid wages and

overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs. Defendants paid Marin for 40 hours of work each week by way of a paycheck, and paid him any hours worked over 40 in cash. This was done in order to avoid a "paper trail" of Defendants' improper methods of paying Plaintiff and his co-workers, and demonstrates Defendants' knowing and deliberate conduct. Due to the knowing and willful conduct of Defendants in violating the FLSA, Plaintiff is entitled to recover unpaid overtime and liquidated damages for a period of three years prior to his appearance in this matter.

**Plaintiff's Individual Allegations**

9. As a non-exempt employee, Plaintiff was entitled to be paid his regular wages and to be paid an overtime premium for all work performed during the hours worked over 40 hours in each workweek. Defendants failed to pay the Plaintiff the required overtime premium in most workweeks that the Plaintiff was employed by Defendants during the Relevant Time Period, as the Plaintiff worked in excess of 40 hours in most weeks. Plaintiff was paid on hourly rate basis, but was not paid premium pay for hours worked over 40.

10. No exemption excuses the Defendants from paying Plaintiff for all time spent and work performed during the hours he worked, and the Defendants have not made a good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Plaintiff. Such practice was and is a clear violation of the FLSA.

**Collective Action Allegations**

11. Other employees have been victimized by the Defendants' pay practices and policies that are in willful violation of the FLSA. A number of these employees have worked with Plaintiff. Thus, Plaintiff is aware of the illegal practices or policies that the Defendants

4

have been imposed on the Members of the Class. Specifically, through speaking with other employees, Plaintiff is aware that Defendants make a regular practice of not paying the required overtime premium for hours worked over 40 in a workweek, but instead pay all construction workers on the same basis.

12. The Members of the Class performed work that is similar in nature to that performed by Plaintiff; these individuals worked alongside the Plaintiff performing the same type of manual, physical work that the Plaintiff performed. Accordingly, the employees victimized by the Defendants' unlawful practices are similarly situated to Plaintiff in terms of their job duties.

13. Further, each member of the class was paid according to a common payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

14. The Defendants' failure to pay their employees as required by the FLSA resulted from a generally applicable policy independent of any personal circumstances of the Members of the Class. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

15. No justification or exemption excused the Defendants from paying the Members of the Class for all work performed and time spent working, and the Defendants did not make a good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to the Members of the Class.

16. Accordingly, the class of similarly situated Plaintiffs is properly defined as:

**All persons employed as construction workers on an hourly basis by Defendants G.W. Phillips Concrete Construction, Inc. and George W. Phillips, III during the three-year period preceding the filing of this Complaint.**

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

17. Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiff and Members of the Class for work performed in the employ of the Defendants.

18. Plaintiff and Members of the Class have suffered damages as a direct result of Defendants' illegal actions.

19. Defendants are liable to Plaintiff and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Demand for Jury

20. Plaintiff demands a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons employed as construction workers by G.W. Phillips Concrete Construction, Inc. and George W. Phillips, III on an hourly basis during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;

3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY-IN-CHARGE FOR**
**PLAINTIFF LUIS MARIN**

**OF COUNSEL:**
Vijay A. Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY FOR PLAINTIFF**